

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 21, 1969

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Building
Austin, Texas    78711

Opinion No. M-451

Re: Whether a declaration by
purchaser, under penalties
of perjury, that the tax
on all motor fuel which has
been purchased on credit
card and included in claim,
has been paid, will sup-
port a claim for refund
under Article 9.13(6),

Dear Mr. Calvert:

Motor Fuel Tax Law.

        You requested an opinion from this office and state the
facts as follows:

> "Purchases of motor fuel for use in aircraft
> are usually made by credit card, or in many
> instances by several credit cards covering
> different brands of motor fuel purchased, for
> which the refund dealers delivering the fuel
> can not issue receipts for the tax payments.
> In the past the claimant has been required to
> obtain a receipt from the distributors who
> issued the credit card showing that the tax
> has been paid by him on the fuel purchased
> which creates a burden upon the claimant to
> obtain a receipt, or often several receipts,
> to support his claim.
>
> "Article 9.13 of Chapter 9, Title 122A,
> Taxation-General, Revised Civil Statutes of
> Texas, authorized the Comptroller to pay a
> claim for refund of taxes paid on motor fuel
> used for non-highway purposes when made and
> subscribed by the claimant on a form prescribed
> by the Comptroller subject to the (felony)
> penalties of Article 1.12 of said Title 122A
> for making a false or untrue statement to any
> material fact.

-2240-

"In lieu of requiring a claimant who
purchases motor fuel on a credit card to
furnish a receipt of payment from the
distributor to whom he has paid the tax,
the Comptroller would like to include in
the claim form prescribed by him as part
of the claim filed subject to the penalties
of the said Article 1.12, a declaration
that the tax on all motor fuel included in
the claim which has been purchased on a
credit card has been paid to a duly licensed
distributor of motor fuel in Texas, if it
can be legally accomplished.

"Will you please advise me whether such
statement in the claim would serve as
proof that 'the taxes claimed have actually
been paid by the claimant' as contemplated
by the law?"

The provisions which are applicable to the facts presented
and thus govern are Articles 9.13(1) and 9.13(6), Chapter 9,
Title 122A, Taxation-General, Vernon's Civil Statutes, which
provide, in part, as follows:

Article 9.13(1):

"In all refund claims filed under this
Article, the burden shall be on the
claimant to furnish sufficient and satis-
factory proof to the Comptroller of the
claimant's compliance with all provisions
of this Article; otherwise, the refund
claim shall be denied." (Emphasis added.)

Article 9.13(6):

" . . . . The claim for tax refund shall in-
clude a statement that the information shown
in each duplicate invoice of exemption
attached to the tax refund claim is true and
correct, and that deductions have been made
from the tax refund claim for all motor fuel
used on the public highways of Texas and for
all motor fuel used or otherwise disposed of
in any manner in which a tax refund is not
authorized herein. If upon examination, and

> such other investigation as may be
> deemed necessary, the Comptroller finds
> that the claim filed for tax refund is
> just, and that the taxes claimed have
> actually been paid by the claimant, then
> he shall issue warrant due the claimant
> but no greater amount shall be refunded
> than has been paid into the State
> Treasury on any motor fuel, and no warrant
> shall be paid by the State Treasurer un-
> less presented for payment within two (2)
> years from the close of the fiscal year in
> which such warrant was issued, but claim
> for the payment of such warrant may be
> presented to the Legislature for appropria-
> tion to be made from which said warrant may
> be paid."  (Emphasis added.)

We conclude that the quantum of proof to be required of the taxpayer claimant for his refund is a matter vested largely within the discretion of the Comptroller.  A declaration from the claimant subject to the penalties that he has paid the taxes in question to the duly licensed distributor is a fact or circum- stance which would constitute some evidence or proof of such fact.  Standing alone, however, it is not conclusive evidence upon which the Comptroller might issue a warrant to such claimant. Article 9.13(6) restricts the Comptroller in issuing warrants for refunds in no greater amount "than has been paid into the State Treasury." Also, such statute requires a "finding" by the Comptroller from evidence as he may deem necessary that the tax claim is just and has actually been paid by the claimant.

Accordingly, it is the opinion of this office that the Comptroller, in his discretion, may accept a declaration from the claimant, subject to the penalties of Article 1.12, Taxation-General, that he did in fact pay the tax in question on all motor fuel which he purchased and included in his claim for refund, as satis- factory proof that such claimant paid the taxes to the duly licensed distributor; provided, however, before the Comptroller may issue his warrant for the refund, the statute contemplates that the Comptroller in addition find from his examination of his records and such other investigation as may be deemed necessary, that the claimant actually paid the taxes, the refund claim is just, and that he is not refunding any greater amount than has been paid into the State Treasury on the motor fuel.

## S U M M A R Y

The Comptroller, in his discretion, may accept a declaration from the claimant, subject to the penalties of Article 1.12, Taxation-General, that he did in fact pay the tax in question on all motor fuel which he purchased and included in his claim for refund, as satisfactory proof that such claimant paid the taxes to the duly licensed distributor; provided, however, before the Comptroller may issue his warrant for the refund, the statute contemplates that the Comptroller in addition find from his examination of his records and such other investigation as may be deemed necessary, that the claimant actually paid the taxes, the refund claim is just, and that he is not refunding any greater amount than has been paid into the State Treasury on the motor fuel.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Kenneth L. Nordquist
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Harold Kennedy
James McCoy
Rick Fisher
Houghton Brownlee

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant